# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Daniel J. Bowen, | ) |
|       Plaintiff, | ) **ORDER GRANTING IN PART** |
| | ) **AND DENYING IN PART** |
| v. | ) **MOTION IN LIMINE** |
| | ) |
| Tony Joe Hood, | ) |
| | ) Case No. 1:16-cv-270 |
|       Defendants. | ) |

In this action, plaintiff is suing defendant for injuries plaintiff sustained in a collision between plaintiff's semi-tractor trailer and defendant's pickup. The accident took place after dark on August 21, 2013, on an unlit two-lane highway in rural western North Dakota. Just prior to the accident, plaintiff observed an oncoming vehicle and then suddenly another vehicle, defendant's pickup, pull out from behind that vehicle and cross the center line directly into his path of travel. Because of defendant pickup's apparent trajectory, plaintiff, after hitting his brakes, attempted to steer as far left as he could without striking the first oncoming vehicle to avoid colliding with defendant's pickup. However, he was not able to avoid the collision.

Following the accident, defendant failed a sobriety test. Defendant was arrested and subsequently convicted of Driving While Under the Influence. There is evidence that his blood alcohol at or near the time of accident was 0.183, well in excess of the legal limit.

Defendant admits liability in this action leaving for resolution by the jury at trial plaintiff's claims for damages for bodily injury, past and future medical expenses, past and future loss of income, pain, suffering, emotional distress, and mental anguish. Notably, there are no claims for property damage to plaintiff's semi-tractor or for punitive damages.

1

Now before the court is a motion in limine in which defendant seeks to exclude any evidence regarding the details of the accident as well the fact that defendant was intoxicated. Defendant argues that such evidence is irrelevant, highly prejudicial, and should be excluded as a consequence of the admission of liability.

Plaintiff opposes defendant's motion. He argues that evidence of the severity of the accident is relevant to his claims for bodily injury. He also argues that the circumstances of the accident, including defendant's intoxication, are relevant to the claims for mental distress. More particularly, plaintiff claims that, in addition to the fear of the impending collision at the time of the accident, he since suffers continuing anxiety and mental distress resulting from the accident, including frequently replaying in his mind the accident and the circumstances surrounding it. According to the plaintiff, this includes: (1) the details of the accident, including its sudden and nighttime occurrence; (2) the fact he was extricated from his tractor by bystanders immediately following the accident because of leaking diesel fuel; and (3) after he was extricated from the tractor and was laying on his back in the ditch, defendant bending over him to apologize and then staggering away—all the while slurring his words and reeking of alcohol.

In his response brief, plaintiff offers to limit his evidence beyond that of his own testimony in terms of what he saw and observed about the circumstances of the accident and defendant's condition, as follows:

> a) Four photographs (Exhibits A-D attached), showing the scene and each damaged vehicle (taken by the Highway Patrol). The photographs show an overview of the scene depicting the roadway and the dark conditions with headlights in the distance, a close-up of the skid marks showing the area of skid marks and impact, the Hood Dodge pickup's damage and the damage to the tractor/trailer of Bowen.
>
> b) The fact of Hood's intoxication (0. 183), because of the effect of being struck by a drunk driver who crossed the center line at night on the emotional distress and mental anguish endured by the Plaintiff even before impact and even now.

2

> c) Evidence concerning the events at the scene because Mr. Bowen had to be extricated from his vehicle by bystanders due to the presence of the smell of a gas leak.

(Doc. No. 30, p.2).

The court concludes that some evidence with respect to the circumstances of the accident is relevant notwithstanding the admission of liability. First, evidence reflecting the severity of the collision is relevant and material to plaintiff's claims of bodily injury, if for no other reason than to demonstrate that the accident was more than a fender-bender and thereby make more plausible plaintiff's claims of bodily injury, some of which defendant disputes both as to cause and severity. Second, the evidence of the circumstances of the accident is relevant to plaintiff's claims for mental distress. Under North Dakota law, plaintiff can recover damages for "mental anguish," "emotional distress," "fear of injury," and "other nonpecuniary damage." N.D.C.C. § 32-03.2-04; see also NDJI C-70-35. In this court's view, this includes mental distress and fear of injury arising pre-impact as well as post-impact, so long as it is proximately caused by defendant's tortious conduct.

Consequently, the court will permit: (1) plaintiff to testify about what he observed with respect to the occurrence of the accident; (2) the four photographs plaintiff intends to proffer showing the extent of damage to the two vehicles, the nighttime conditions, and the skid marks—assuming there are no foundational issues; and (3) evidence that plaintiff was extricated from the tractor and the smell of leaking diesel fuel. See, e.g., Hogland v. Town & Country Grocer of Fredericktown Missouri, Inc., No. 3:14-cv-00273, 2015 WL 4197652, at **2–3 (E.D. Ark. July 10, 2015) (denying motion in limine to exclude all post-accident photographs in a case of admitted liability on the grounds that the post-accident photographs of the parties' vehicles were "clearly relevant and certainly probative" of plaintiffs' claims for the injuries and that the probative value of the evidence outweighed any danger of unfair prejudice even though the photographs might

"show graphic evidence of the impact of the collision"); Mcelwain v. Harris, No. 1:05-cv-93, 2006 WL 931920, at **4–5 (D.N.H. April 6, 2006) (allowing in an admitted liability case (1) evidence of the speed of defendant's vehicle and the fact it crossed a double-yellow line separating the traffic, and (2) photographs of the accident scene, including photographs showing the extent of defendant vehicle's encroachment into the decedent's lane, the angle at which the defendant's vehicle approached the decedent's vehicle, and the relative size and damage to each vehicle— all as being relevant to the mental anguish allegedly suffered by the decedent in the moments preceding her death); Rizzo v. New Jersey Mfrs. Ins. Co., 2009 WL 928351, *5 (N.J. Super. Ct. A.D. April 8, 2009) (allowing in an admitted liability case post-accident photographs of the plaintiff's vehicle as relevant to plaintiff's claim for mental anguish, stating that "plaintiff's fear for her life when the car flipped over, and her current apprehension when riding in a car, are understandable"); Fuentes v. Tucker, 187 P.2d 752, 755 (Cal. 1943) (concluding in an admitted liability case that the force of the impact of the involved vehicles and the circumstances surrounding the accident "may be relevant and material to indicate the extent of plaintiff's injuries").

A more difficult question in view of the admission of liability and punitive damages not being an issue is whether the court should allow any evidence of (1) defendant's intoxication and (2) what plaintiff saw, heard, and smelled when defendant approached him immediately following the crash. There are a number of cases, some of which have been cited by the defendant, where courts have concluded that evidence of a defendant's intoxication is not admissible when there has been an admission of liability and punitive damages are not an issue. See, e.g., Knowles v. Levan, 15 A.3d 504, 507–09 (Pa. Sup. Ct. 2011); Hughley v. Bible, No. 09-cv-5113, 2010 Ohio Misc. LEXIS 7810, at *4–5 (Ct. Com. Pl. Mar. 29, 2010); Pugh v. Munguia, 146 P.3d 1108, 1111 (Kan.

Ct. App. 2006); Parker v. Artery, 889 P .2d 520, 524 (Wyo. 1995); Puent v. Dickens, 427 S.E.2d 340, 343 (Va. 1993).

There are a few cases, however, where courts have allowed evidence of intoxication in admitted liability cases where punitive damages are not an issue or have questioned the reasons for why the evidence should be excluded. See, e.g., Mcelwain v. Harris, 2006 WL 931920, at **4–5 (excluding evidence of defendant's intoxication based upon a New Hampshire Supreme Court decision but stating that plaintiff made a compelling argument that excluding the evidence would leave the jury with an "unduly sanitized and incomplete version of the facts" and characterizing the New Hampshire court decision as being "counterintuitive"); Rupel v. Clayes, 72 S.W.2d 833, 836 (Mo. Ct. App. 1934) (concluding that the admission of liability was equivocal but stating in dicta that, even if the admission of liability had been unqualified, the evidence of intoxication was admissible based the principle that a party is not required to accept a judicial admission of an adversary and that defendant's intoxication was relevant as one of the circumstances of the accident);

cf. Cogill v. Flanagan ex rel. Larson, 410 S.W.3d 714, 722–26 (Mo. Ct. App. 2013) (concluding that the evidence of intoxication was relevant to plaintiff's claim of mental distress and allowing the evidence because the admission of liability was not full and unequivocal but noting that, even if it was unequivocal, the evidence might still be admissible in light of Rupel v. Clayes). Also, in most of the cases this court has reviewed where the evidence of defendant's intoxication was excluded, there was no showing why defendant's intoxication was relevant to the particular damages being claimed in those cases. In fact, in a number of the cases, it could not be determined from the opinions whether there was any claim for mental distress. Further, some of the cases were wrongful

5

death cases where the scope of damages likely was limited to that recoverable by the survivors.[1]

Without deciding whether evidence of defendant's intoxication would be admissible when there has been an admission of liability and punitive damages are not an issue, simply because it is one of the circumstances of the accident, the court will permit plaintiff in this case to testify as to what he saw, smelled, and heard while lying in the ditch and approached by the defendant. The court concludes this evidence is (1) relevant to plaintiff's claims for mental distress, since it occurred closely in time to the accident and, for lack of a better term, was part of the *res gestae*, and (2) that excluding the evidence would leave the jury with an "unduly sanitized and incomplete version of the facts" as it bears upon plaintiff's claims of mental distress, keeping in mind that the genuineness of his claims for mental distress, including the extent to which plaintiff's observations of the defendant added to his mental distress and fear of future injury (if at all), is for the jury to determine.

To address defendant's concerns about *undue* prejudice, the court will do two things. First, the court will (1) not allow any other evidence of intoxication and (2) not allow plaintiff's counsel to argue defendant was in fact drunk or intoxicated. Rather, plaintiff's counsel can refer to plaintiff's testimony as to what he saw, heard, and smelled while lying in the ditch when defendant allegedly approached and spoke to him and then only in the context of discussing or arguing plaintiff's claim for mental anguish or emotional distress. Second, if defendant requests, the court will give the jury a cautionary instruction when the subject is first mentioned and again in the final

---

[1] See, also, Fuentes v. Tucker, 187 P.2d at 755 ("The defendant here by an unqualified statement in his answer admitted liability for the deaths of the children, and the sole remaining question in issue was the amount of damages suffered by the parents. In an action for wrongful death of a minor child the damages consist of the pecuniary loss to the parents in being deprived of the services, earnings, society, comfort and protection of the child. [citation omitted]. The manner in which the accident occurred, the force of the impact, or defendant's intoxication could have no bearing on these elements of damage. The evidence, therefore, was not material to any issue before the jury, and its admission was error."). If this was a North Dakota wrongful death case with no survival action and liability being admitted, evidence of defendant's intoxication likely would not be relevant.

instructions if defendant wants it again. The gist of the instruction would be that: (1) the jury may consider the evidence of what plaintiff claims he observed as to the defendant only for the purposes of plaintiff's claims of mental distress, (2) whether defendant was intoxicated at the time of the accident is otherwise not relevant, and (3) any conclusions the jury might draw from the plaintiff's testimony may not be used to award damages for purposes of punishment.

Defendant's motion in limine (Doc. No. 27) is **GRANTED IN PART** and **DENIED IN PART** consistent with the foregoing.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court